IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**MAR 1 5 2011**

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02807-BNB

SHAWN D. MEEHAN,

     Applicant,

v.

CALVIN MILYARD,
ARISTEDES W. ZAVARAS,
JUDGE PELICAN, El Paso County Court, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO],

     Respondents.

---

## ORDER OF DISMISSAL

---

     Applicant, Shawn D. Meehan, is a prisoner in the custody of the Colorado Department of Corrections and is incarcerated at the Sterling Correctional Facility in Sterling, Colorado.  Mr. Meehan has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 2].  He challenges the validity of his conviction and sentence in El Paso District Court Case No. 07CR4720.  In an order filed on February 4, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C.   § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On February 14, 2011, Respondents submitted a pre-answer response.  Mr. Meehan was given an opportunity to file a reply but did not do so.

     The Court must construe the Application filed by Mr. Meehan liberally because he is not represented by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On April 16, 2008, Mr. Meehan pled guilty to one count of first degree criminal trespass of a dwelling, a class five felony, in El Paso County District Court Case No. 97CR4720.  Pre-Answer Resp. Ex. A at  4.  He was sentenced to two years in prison to run concurrently with a sentence for escape that he was already serving in a different case.  *Id.*

On October 20, 2010, Applicant filed a motion for reconsideration of sentence, pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure.  Pre-Answer Resp. Ex. A at 4.  That motion remains pending in the El Paso County District Court.  *Id.*

Mr. Meehan initiated this action on November 17, 2010.  He asserts five claims in his Application.

Respondents argue that the Application is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Meehan's case became final.  Applicant was sentenced on April 16, 2008.  Pre-Answer Resp. Ex. A at 4.  He had forty-five days, or until May 31, 2008, to file a direct appeal.  *See* Colo. App. R. 4(b).  However, because May 31, 2008 was a Saturday, the time for filing an appeal expired on the next business day, Monday, June 2, 2008.  *See* Colo. App. R. 26(a).  Mr. Meehan's conviction therefore became final on June 2, 2008.

The Court must next determine whether Mr. Meehan's state post-conviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The requirements include:

(1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

The one-year period ran unabated for over two years before Mr. Meehan filed a Colo. Crim. P. Rule 35(b) motion on October 20, 2010.  A motion for reconsideration filed pursuant to Colo. Crim. P. Rule 35(b) may toll the one-year limitations period. *See Robinson v. Golder*, 443 F.3d 718, 721 (10th Cir. 2006); *see also Wall v. Kholi*, ___ S.Ct. ___ (2011).  However, because the one-year period expired on June 1, 2009, Mr. Meehan's Rule 35(b) motion filed after that date is irrelevant to the timeliness of his federal § 2254 Application under 28 U.S.C. § 2244(d).  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson,*

232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *Miller*, 141 F.3d at 978. Finally, the habeas petitioner bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Meehan does not argue or allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Applicant has failed to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as time-barred.

Because the action is untimely, the Court need not address Respondents' argument that Mr. Meehan failed to exhaust his state court remedies. Accordingly, it is

ORDERED that Shawn D. Meehan's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 2] is denied and this action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED at Denver, Colorado, this __15th__ day of ___March_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court


5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02807-BNB

Shawn D. Meehan
Prisoner No.  117894
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

     I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on January 12, 2011.


                               GREGORY C. LANGHAM, CLERK


                    By:_____
                                 Deputy Clerk